OPINION
{¶ 1} Appellant Selective Insurance Company ("Selective") appeals the decision of the Court of Common Pleas, Muskingum County, which found, upon summary judgment, Appellee Eddie Wilson ("Wilson") entitled to coverage for physical injuries under both a commercial auto policy and a commercial umbrella policy issued by Selective. The relevant facts leading to this appeal are as follows.
 {¶ 2} On February 24, 2001, Appellee Wilson was injured in a car-pedestrian accident as he walked out of a bar in Zanesville, Ohio. At the time of the accident, Wilson's wife, Serena Wilson, was employed by Buckeye Motor Lodge. Buckeye held a commercial auto policy and a commercial umbrella policy issued by Selective. The policy period for both policies ran from June 1, 2000 to June 1, 2001.
 {¶ 3} The driver of the vehicle involved in the accident was Todd Wolfe. Wilson thereafter sued Wolfe in a separate action in Muskingum County Court of Common Pleas. In the case sub judice, Selective filed a declaratory judgment action on June 8, 2001, seeking a ruling that Wilson had no right to uninsured and/or underinsured motorist coverage. Selective filed a motion for summary judgment on August 2, 2001. On February 4, 2002, Wilson filed a cross-motion for summary judgment. The trial court granted said cross-motion on March 20, 2002, finding that Wilson was entitled to coverage under both the commercial auto and commercial umbrella policies. Selective's motion for summary judgment was simultaneously denied.
 {¶ 4} Appellant timely appealed therefrom, and herein raises the following two Assignments of Error:
 {¶ 5} "I. Defendant-appellee, Eddie Wilson, is not an `insured' under the commercial auto/uim policy.
 {¶ 6} "II. Defendant-appellee, Eddie Wilson, is not an `insured' under the commercial umbrella liability policy."
Standard of Review
 {¶ 7} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 8} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. See, also, Ormet Primary Aluminum Corp. v. Employers Insurance of Wassau
(1999), 88 Ohio St.3d 292, 725 N.E.2d 646.
 {¶ 9} We will apply the aforesaid standard of review to both Assignments of Error.
 I. {¶ 10} In its first Assignment of Error, Selective contends that the trial court erred in granting summary judgment in favor of Wilson, on the grounds that Wilson was not an "insured" under the commercial auto policy. We agree.
 {¶ 11} In Scott-Pontzer v. Liberty Mutual Fire Insurance Co.
(1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, the Ohio Supreme Court found a corporation's employees to be insureds and therefore entitled to underinsured motorist coverage under a commercial automobile liability policy which designated the corporation as the named insured and which defined "insured" to include "you" and "[i]f you are an individual, any family member." The Court therein stated that "uninsured motorist coverage, mandated by law pursuant to R.C. 3937.18, was designed by the General Assembly to protect persons, not vehicles." Id. at 664,710 N.E.2d 1116, citing Martin v. Midwestern Group, Ins. Co. (1994),70 Ohio St.3d 478, 639 N.E.2d 438, paragraph one of the syllabus. The Court reasoned that it would be meaningless to limit protection solely to a corporate entity which cannot occupy or operate a motor vehicle or suffer bodily injury or death. Id. The Ohio Supreme Court thus concluded that the term "you," while referring to plaintiff's decedent's employer, also included the employees since a corporation can only act by and through live persons. Id. at 666. In the later case of Ezawa v. YasudaFire Marine Insurance Company (1999), 86 Ohio St.3d 557, the Ohio Supreme Court found the insurance policy in question afforded underinsured motorist coverage for bodily injury to a family member of an insured employee.
 {¶ 12} In the case sub judice, Selective's commercial auto policy at issue includes a UIM endorsement containing the following pertinent language:
 {¶ 13} "B. Who is An Insured
 {¶ 14} "1. If the Named Insured is designated in the Declarations as:
 {¶ 15} "a. An individual, then the following are `insureds':
 {¶ 16} "(1) The Named Insured and any `family member'.
 {¶ 17} "(2) Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto'. * * *
 {¶ 18} "b. A partnership, limited liability company, corporation or any other form of organization, then the following are `insureds':
 {¶ 19} "(1) Anyone `occupying' a covered `auto' or a temporary substitute for a covered `auto'. * * *
 {¶ 20} "(2) Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
 {¶ 21} Appellant notes that the aforesaid provision does not utilize the term "you" as did the insurance contract at issue inScott-Pontzer. Appellant thus argues that the trial court misinterpretedScott-Pontzer and Ezawa by deeming the terms "insured" and "named insured" as ambiguous. We recently addressed a virtually identical "Who is An Insured" policy provision in Egelton v. U.S. Fire Ins. Co., Stark App. No. 2002 WL 31521528, 2002-Ohio-6176.[1] In that case, the plaintiff was injured when a car crashed into a restaurant in which he was standing. Plaintiff was employed by a company insured under a commercial automobile policy issued by United States Fire Insurance Company. The named insured listed in the common policy declarations page was plaintiff's employer, "GoJo Industries," a corporation. In light of the "Who is An Insured" policy provision, after reviewing the schedule of covered autos under the business auto policy, we concluded plaintiff was not occupying a covered auto at the time of the accident; therefore, plaintiff was not an insured under U.S. Fire's policy. We therefore found the trial court erred in finding coverage under the policy and granting summary judgment to plaintiff. Id. at 5; see, also, Price v. Ayers, Stark App. No. 2002CA00124, 2002-Ohio-5479.
 {¶ 22} In the case sub judice, the commercial policy common declaration page lists the named insured as "Buckeye Motor Lodge Inc[.] dba Holiday Inn of Zanesville." The named insured is further identified as a corporation. Applying our reasoning in Egelton, we look to paragraph B(1)(b) of the aforecited "Who is An Insured" provision of Selective's commercial auto policy's UIM endorsement. Clearly, paragraph B(1)(b)(1) is inapplicable, as Wilson was a pedestrian. Further, as Wilson does not present a consortium claim arising from bodily injury to another insured, paragraph B(1)(b)(2) is also inapplicable. We therefore find that reasonable minds could only conclude that Wilson was not an insured under Selective's policy, the language of which removes the underlying ambiguity found in Scott-Pontzer. See, also, Alexander v. Seward, Ross App. No. 02CA2658, 2002-Ohio-6348.
 {¶ 23} Wilson argues in response to Appellant Selective's position that the "Who is An Insured" provision at issue is violative of R.C.3937.18, as written at the time of the accident in question, and is likewise contrary to the Ohio Supreme Court's holding in Martin v.Midwestern, supra. In Martin, the Court held that "[a]n automobile liability insurance policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid." Id., paragraph three of the syllabus. Martin thus stands for the proposition that UIM coverage cannot be taken from an insured while occupying a vehicle owned by the insured but not listed in the policy. However, we find Selective's policy provision in the case sub judice neither "eliminates" UIM coverage respecting Wilson nor acts as an illegal exclusion. Ohio law recognizes a distinction between an exclusion from coverage under the liability portion of an insurance policy and a condition for coverage. SeeLuckenbill v. Midwestern Indemn. Co. (2001), 143 Ohio App.3d 501, 506,758 N.E.2d 301. We find Martin inapplicable to the facts of the case sub judice, as Wilson failed to establish that he is an insured under the Selective policy. Accord Woods v. Owners Insurance Co. (Feb. 1, 2000), Ross App. No, 99CA2486, at 7: "In this case, [Plaintiff] Woods is not covered under the Policy's uninsured motorist clause because he is not an insured under the Policy. The denial is not based on a vehicle exclusion."
 {¶ 24} We therefore find error in the trial court's granting of summary judgment in favor of Wilson, and in the denial of summary judgment in favor of Selective, regarding the commercial auto policy.
(¶ 25} Appellant's First Assignment of Error is sustained.
 II. {¶ 26} In its second Assignment of Error, Selective contends that the trial court erred in granting summary judgment in favor of Wilson, on the grounds that Wilson was not an "insured" under the commercial auto policy. We agree.
 {¶ 27} Former R.C. 3937.18(L)(2) includes in the definition of an automobile liability or motor vehicle liability policy of insurance "[a]ny umbrella liability policy of insurance written as excess over one or more policies described in division (L)(1) of this section." A right to UIM coverage under an umbrella policy flows directly from the right to coverage under an auto policy. See, e.g., Jump v. Nationwide MutualInsurance Company (Nov. 2, 2001), Montgomery App. No. 18880. A review of the "Who is an Insured" section of the Selective Umbrella Policy reveals that Wilson does not qualify as an "insured" under any of the categories listed. Moreover, even if an ambiguity were found to exist, in the absence of any extended or "family member" policy language as per Ezawa, supra, coverage would be limited to Wilson's wife, Serena, who was the actual employee of Selective's insured. Therefore, Wilson's claim for umbrella coverage should also have been rejected.
 {¶ 28} We hold the trial court erred in granting of summary judgment in favor of Wilson, and in denying summary judgment in favor of Selective, regarding the commercial umbrella liability policy.
 {¶ 29} Appellant's Second Assignment of Error is sustained.
 {¶ 30} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby reversed.
By: Wise, J., Gwin, P.J., and Edwards, J., concur.
Topic: Scott-Pontzer.
[1] The policy provision in Egelton read as follows:
"1. If the Named Insured is designated in the Declarations as:
a. An individual, then the following are `insureds':
(1) The Named Insured and any `family members'.
(2) Anyone else occupying a covered `auto' or a temporary substitute for a covered `auto'. The covered `auto' must be out of service because of its breakdown, repair, servicing, `loss' or destruction.
(3) Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'.
a. A partnership, limited liability company, corporation or any other form of organization, then the following are `insureds':
(1) Anyone occupying a covered `auto' or a temporary substitute for a covered `auto'. The covered `auto' must be out of service because of its breakdown, repair, servicing, `loss' or destruction.
(2) Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'."